[No. 767.   September 2, 1898.]

# FRANK W. CROSS, Plaintiff in Error, v. BOARD OF COUNTY COMMISSIONERS OF GRANT COUNTY, Defendant in Error.

### SYLLABUS BY THE COURT.

COUNTY WARRANTS—LIMITATION.  It is not error for the court below to sustain a demurrer, setting up statute of limitations to a complaint declaring upon a county warrant where it appears that nearly nine years have elapsed between the date of the issuance of the warrant and the institution of this action, and there is no allegation in explanation of the reason for the long delay in presenting it for payment, and there was no offer to amend.

*Error*, from a judgment for defendant, to the Third Judicial District Court, Grant County.   Affirmed.

The facts are stated in the opinion of the court.

CHARLES A. SPIESS and R. P. BARNES for plaintiff in error.

The warrant fixes no time when it is payable, but like a promissory note which contains nothing as to the time of its maturity, is payable on demand.   Libley v. Nickelborg, 28 Minn. 38; Salinas v. Wright, 11 Tex. 572; Bank v. Price, 52 Ia. 570; Meador v. Savings Bank, 50 Ga. 604.

Analogous to demand notes, as to the drawer or maker, the bringing of the suit is a sufficient demand.   Bell v. Salkett, 38 Cal. 407; Collins v. Trotter, 81 Mo. 275; Middleton v. Bostin, etc., 26 Pa. St. 257.

The cause of action on a county warrant does not accrue until a demand for its payment has been made.   Schloss v. Board Co. Comm'rs, 28 Pac. Rep. 18.   See, also, Packard v. Bovina, 24 Wis. 382; Bank v.Franklin Co., 65 Mo. 105; Terry v.Milwaukee, 15 Wis.490; Campbell v.Polk County,3 Ia.467;

Bank v. Mills County, 67 Id. 697; Savage v. Supervisors, 10 Wis. 49.

The cause of action upon a county warrant does not accrue when it is presented for payment and indorsed "Not paid for want of funds," but "when the money for its payment has been collected," or "when sufficient time has elapsed for the collection of the money;" and "two years" can not be said to be "sufficient time" to cause the statute of limitations to begin to run.  King J. B. & Mfg. Co. v. Otoe County, 124 U. S. 514; Brewer v. Otoe County, 1 Neb. 373.

T. S. HEFLIN, district attorney, for defendant in error.

CRUMPACKER, J.—On the tenth day of May, 1897, the plaintiff in error commenced an action in assumpsit against the board of county commissioners of Grant county, the defendant in error.  The action was commenced on a county warrant which had been issued by the commissioners of Grant county to one A. B. Laird for the sum of $1,246.24, who, for value, assigned the same to plaintiff in error.

The declaration contains three paragraphs, the first alleging upon the common counts, the second upon the assignment of the account, and the third and material paragraph is as follows:

"And for another further cause of action, plaintiff alleges that defendant on, to wit, the eleventh day of April, A. D. 1888, at, to wit, the county of Grant aforesaid, was justly indebted to Andrew B. Laird and then and there, to wit, on the day and year last aforesaid, at, to wit, the county of Grant, aforesaid, accounted with the said Andrew B. Laird of and concerning divers large sums of money before that time due to him as aforesaid, and upon such accounting defendant was then and there found to be in arrear and indebted to the said Andrew B. Laird, in the sum of twelve hundred and forty-six dollars and twenty-four cents, lawful money of the United States of America, and being so indebted, said defendant did then and there, to wit, on the day and year last aforesaid,

make, execute and deliver to the said Andrew B. Laird, in consideration of the indebtedness of defendant found upon said accounting as aforesaid, a certain warrant and certificate of indebtedness of defendant, in words and figures following to wit:

"No. 3 B.      County Commissioners' Office, Silver City, N.M.
April 11, 1888.

To the Treasurer of Grant County, New Mexico:

Pay to A. B. Laird or order, twelve hundred and forty-six 24-100 dollars, out of Special Cash Funds in the County Treasury, not otherwise appropriated.

T. W. Cobb,
Chairman of Board of County Commissioners.
(County Seal.)

A. H. Morehead,
Probate Clerk and Ex-officio Clerk of Board.

"Said warrant and certificate of indebtedness being indorsed across the face thereof with the following words, to wit, 'Feeding prisoners, etc.,' and said warrant and certificate of indebtedness being indorsed across the back thereof, with the following words and figures, to wit: 'A. B. Laird, E. A. Baker, presented but not refunded March 21, 1889, A. H. Morehead, Clerk of Board,' and being so found in arrears and indebted by reason of the execution and delivery as aforesaid of its warrant and certificate of indebtedness, in consideration thereof, the said defendant, on to wit, the day and year first aforesaid, at, to wit, the county of Grant aforesaid undertook and then and there promised to pay to the said Andrew B. Laird the said sum of $1,246.24 when it, the said defendant, should be thereunto afterwards requested and plaintiff alleges that afterwards, to wit, on the day and year first aforesaid, at, to wit, the county of Grant aforesaid, the said Andrew B. Laird for value received assigned, transferred and delivered the said warrant and certificate of indebtedness aforesaid to plaintiff, and that in consideration of the indebtedness aforesaid of defendant to said Andrew B. Laird and of the making, execution and delivery of the said warrant and certificate of

indebtedness aforesaid to said Andrew B. Laird, and of the assignment and delivery of said warrant and certificate of indebtedness by said Andrew B. Laird to plaintiff as afore-said, defendant then and there, to wit, on the day and year in this county aforesaid, to pay to plaintiff the said sum of money in this count mentioned when it, said defendant, should be thereunto afterwards requested, yet, said defendant, not re-garding its said several promises and undertakings in this behalf hath not as yet paid the said sum of money in this count mentioned or any part thereof to plaintiff; said defendant hath wholly neglected and refused and still doth neglect and refuse, to wit, at the county of Grant, aforesaid, to the damage of plaintiff twenty-five hundred dollars."

The defendant in error demurred, setting up that the declaration upon its face showed that the cause of action therein had not accrued within six years next before the com-mencement of the action.    The court sustained the demurrer and entered final judgment dismissing the cause.    The third paragraph is relied upon in the arguments in the brief.

The assignments of error are each based upon this action of the trial court in sustaining the demurrer, etc.

The record in the case presents but one question:    Was the recovery upon a county warrant barred by section 2915 of the Compiled Laws of New Mexico of 1897, which provides "that actions founded on any bond, promissory note, bill of exchange or other contract in writing may be brought within six years after the cause of action thereon accrued, and not after-wards."

County warrants: limitation.

The warrant in this particular case was drawn on April 11, 1888, for the sum of $1,246.24, upon the treasurer of Grant county payable "out of special cash funds in the county treasury, not otherwise appropriated."    Thereafter the war-rant was presented to the county commissioners for the pur-pose of exchanging it for bonds, and to fund which was optional with the county commissioners.    Upon the refusal of the county commissioners to so fund it, the warrant was

indorsed as required by the statute, by the probate clerk, "presented but not refunded, March 21, 1889, A. H. Morehead, clerk of the board" and stood for payment in its regular order of issue. Certainly if this presentment of the warrant for funding may be considered as a demand of payment, and the indorsement as a refusal of payment, the cause of action accrued more than eight years before the bringing of this action on May 10, 1897; but plaintiff in error contends that the warrant being drawn on the treasurer, the presentment to the commissioners for exchange in bonds was not a presentment for payment at all, and the refusal to fund not an absolute refusal to pay, and that no demand for payment having been made prior to the commencement this action, which it is alleged is in itself a sufficient demand and presentment, the statute did not begin to run until the institution of this suit, and that therefore the right of action is not barred. We can not adopt this construction of the law. It is universally understood that the chairman of the board of county commissioners who draws the county warrants has not the funds of the county in hand, but as evidenced in this cause by the warrant itself they are in possession of the treasurer. Any creditor of the county who received such warrant (against which indeed the county could set up any defense it had against the original holder even in the hands of a subsequent holder) must be considered as understanding these facts and as assenting to this mode of payment, and by accepting the warrant he is under an implied engagement to conform to established usage and present the warrant to the treasurer. Good faith requires him to do this, and the law considers him as promising so to do. If on presenting the warrant payment be refused, the county which draws the warrant is answerable instanter. But there can be no good reason given why the county, which is not bound to seek its creditors, should be subjected to the perplexity and costs of an action before the payee of a warrant will give himself the trouble to do his duty and request payment of the money due him according to the terms of it. Here, it appearing on the face of the declaration

that nine years had elapsed between the date of the warrant and the commencement of this action, with no allegation in explanation for the reason of the delay in instituting the action, the county properly pleaded the statute of limitations, and the plaintiff, having failed to move to amend to allege such facts as would avoid the statute, must in view of the rule of law that all presumptions are against the pleader be deemed to have been unable to set up such facts as would avoid the bar, and in the absence of any allegation to the contrary this court will presume that the county commissioners performed their duties and that under the revenue laws they had levied and collected, during at least the three years preceding the six year period of the statute of limitations which elapsed between the presentment of the warrant for funding and the institution of the action, sufficient revenue to pay all the matured just debts of the county.   All the cases cited by counsel for plaintiff in error in support of their contention depend upon an allegation that payment was demanded and refused, the refusal being within the statutory period, and the case of King Iron Bridge & Mfg. Co. v. Otoe County, decided by the supreme court of the United States under statute very similar to ours, may be distinguished from this case in that the plaintiff there alleged presentment, demand and refusal to pay for want of funds, and neglect and failure from the date of the demand made within the statutory period until the time of the commencement of the action to levy a tax to provide for the payment of the same.   See Thompson v. Searcey Co., 57 Fed. 1030.

From the pleadings in this case we are therefore unable to say that the statute of limitations has not run against the complaint.   We must affirm the judgment of the court below, and it is so ordered.

Leland, A. J.; Mills, C. J.; Parker and McFie, JJ., concur.